**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4227

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO FANEAK WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-63)

Submitted: November 30, 2005          Decided: March 3, 2006

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mario Faneak Washington appeals the district court's order sentencing him to 120 months' imprisonment following his guilty plea to a single count of possession with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000).  Washington's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether (1) Washington was impermissibly sentenced in accordance with the statutory minimum and (2) Washington received ineffective assistance of counsel.  We affirm.

In his plea agreement, Washington waived all rights to appeal except for ineffective assistance of counsel, prosecutorial misconduct, or the sentence to the extent one or more findings on the guideline issues were inconsistent with the explicit stipulations contained in the plea agreement.  After a thorough and comprehensive Fed. R. Crim. P. 11 plea colloquy, the district court accepted Washington's plea as knowing and voluntary.

Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(7) (2004), a base offense level of twenty-six was assigned, based on a drug quantity of at least five grams, but not more than twenty grams, of cocaine base.  A three-level reduction for acceptance of responsibility was applied to the base offense level, rendering a total offense level of twenty-five.  USSG

§ 3E1.1(a),(b). Based on a total offense level of twenty-three and a criminal history category of V, Washington's recommended guideline range was 84 to 105 months' imprisonment. Nevertheless, Washington was sentenced to the statutory minimum term for this offense, 120 months' imprisonment. See 21 U.S.C. §§ 841(b)(1)(B) and 851 (2000).

Washington's claim that he was inappropriately sentenced in accordance with the statutory minimum is without merit. As this court recently made clear in United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005), "[United States v. Booker, 125 S. Ct. 738 (2005),] did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence." Section 841(b)(1)(B)'s enhanced penalty provision reads in relevant part: "If any person commits such a violation [of this subparagraph] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than ten years." Washington pled guilty under § 841(a) and he admitted to the predicate offense for the enhanced penalty provision at the plea colloquy. Accordingly, the application of § 841(b(1)(B)'s enhanced penalty provision to Washington is clear and unequivocal. Thus, the district court was required by statute to impose the mandatory minimum term of imprisonment, and there is no Booker error. See Robinson, 404 F.3d at 862 ("[Even after Booker], a district court

- 3 -

has *no* discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction.").

Washington's claim of ineffective assistance of counsel is equally unavailing. A claim of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless ineffective assistance is apparent on the face of the record. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). To succeed on claims of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness, and his counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Turning to the second prong of Strickland in the context of a guilty plea, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Washington's claim of ineffective assistance fails because he fails to make such a showing on the face of the record on appeal.

Finding no meritorious issues upon our review of the record, we affirm Washington's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED